IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **ABC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>    **Defendants.** | Civil Action No. 1:25-CV-_____ |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION
FOR SERVICE OF PLEADINGS BY EMAIL**

Plaintiff ABC ("Plaintiff") by counsel, and pursuant to 17 U.S.C. § 502 and Fed. R. Civ. P. 4(f), submits this Memorandum of Law in support of it's *Ex Parte* Motion for Service of Pleadings by Email.

**I.**  **Introduction and Summary of Action**

This action seeks to stop the online sale of copied goods and copyright infringement by Defendants, as identified on Schedule A of the Verified Complaint (collectively, the "Defendants"), which on information and belief, the majority are originally manufactured in China. In the Verified Complaint, Plaintiff filed against Defendants for copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq. Plaintiff is the owner of three United States Copyright Registrations collectively referred to in the Complaint as the "Copyrights-in-Suit." Compl. ¶ 1. Plaintiff's copyrighted works are used to license to authorized online retailers, which then sell the products online to consumers throughout the United States. Id. ¶¶ 14-15.

1

**II.      Service of Process by Email is Warranted in This Case**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order allowing service of process by electronically sending the Complaint, the TRO Order, and other relevant documents via Defendant's authenticated registration email that will be produced by third-party platforms including Amazon.com in response to early discovery. Plaintiff submits that providing notice via e-mail is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants, on information and belief: (1) have not provided reliable names and physical addresses in the public contact information to their respective third-party online webstores; (2) on information and belief are all or nearly all sellers based in China, and (3) the sellers and the online platforms rely primarily on electronic communications to communicate with customers and the online sales platforms, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. Plaintiff respectfully submits that an order allowing service of process via e-mail in this case will benefit all parties and the Court by ensuring that the Defendants receive immediate notice of the pendency of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve the Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a remedy.

Despite not providing reliable physical contact information directly to consumers, the Defendants must generally utilize email so that they may communicate with consumers regarding issues related to the purchase and shipment of products. Moreover, it is necessary for merchants who operate entirely online to maintain contact with the Webstore host to ensure they are

functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

To serve an individual in a foreign country, a plaintiff must comply with constitutional due process notice requirements and Federal Rule of Civil Procedure 4(f). *See WhosHere, Inc. v. Orum*, No. 1-13-CV-00526-AJT, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). To satisfy the constitutional due process notice requirements, service must be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). This Court has discretion when ordering service of process under Rule 4(f)(3), and if the Court exercises that discretion, it should try to order a method of service consistent with constitutional requirements and that "minimizes offense to foreign law." *BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271-72 (E.D. Va. 2006 (internal quotations omitted). Courts may look to international agreements such as the Hague Convention to determine whether a method of service offends foreign law. *See e.g. DAG Ammo Corp. v. KM Trade d.o.o*, No. 3:21-CV-332 (DJN), 2021 WL 7933706, at *2 (E.D. Va. June 4, 2021). Service of process by email does not violate the Hague Convention or other international agreements, "unless specifically objected to by the country of the foreign individual to be served." *Overstock.com, Inc. v. Visocky*, 2018 WL 5075511, at *3 (E.D. VA. Aug. 23, 2018).

Other jurisdictions have also authorized service of process by email where an entity structures its business such that it can be contacted only via its email address and there is no easily discoverable street address in the United States or foreign country. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002) ("If any method of communication is

3

reasonably calculated to provide [Defendant] with notice, surely it is email -the method of communication which [Defendant] utilizes and prefers.")

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Id.* at 1014-15.

In the instant matter, Plaintiff proposes using an email application with valid proof of authorship, content, and delivery of an email, as well as the official time and date that the email was sent and received. While none of the Defendants have disclosed their authenticated physical mailing addresses, they normally have their email verified by Amazon or other platforms in order to conduct online business. Due to Defendants' purposeful anonymity and Plaintiff's inability to ascertain reliable physical addresses, service by email, with confirmation of delivery by email is most likely to provide Defendants with proper notice of this action and Plaintiff's claims. Therefore, Plaintiff respectfully submits that an order authorizing alternative service benefits all parties and the Court by ensuring that Defendants receive immediate notice of the pendency of this action following the lockdown of their financial assets. In that way, the action can move forward expeditiously. Courts in this District have routinely granted such request to serve the complaint by email for Schedule A type cases with foreign defendants. *See* TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1560 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 11 (granting service by email); TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 14 (granting same); TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:24-cv-0958 (E.D. Va. Jun. 21, 2024) (MSN/LRV), ECF No. 20 (granting same);

Preliminary Injunction Order, *Shenzhen Ke Xiu Technology Co. Ltd, v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (E.D. Va. Aug. 21, 2024) (CMH), ECF No. 14 (granting same).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court permit service of pleadings by the Defendants' verified email addresses.

Date: December 22, 2025

Respectfully submitted,

 /s/   Erik N. Lund
Erik N. Lund
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
Robert B. Cadle (*pro hac pending*)
Tel. (202) 763-5086
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

5